FILED

2013 AUG 16 PM 2: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Joseph H. Low IV, Esq. (SBN 194897)
   THE LAW FIRM OF JOSEPH H. LOW IV
2  One World Trade Center, Suite 2320
   Long Beach, CA. 90831
3  Telephone:  (562) 901-0840
   Facsimile:  (562) 901-0841
4  E-mail: jhlowiv@aol.com

5  Michael R. Marrinan (SBN 90484)
   Attorney at Law
6  LAW OFFICES OF MICHAEL R. MARRINAN
   225 Broadway, Suite 1460
7  San Diego, CA 92101
   Telephone:  (619) 238-6900
8  Facsimile:  (619) 238-1097
   E-mail: mrmarrinan@aol.com

9

10  Attorneys for Plaintiffs

11

12

13            UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15  ESTATE OF SONNY JOSEPH ,          )  Case No. EDCV12-2240-DMG (SPx)
    MAZON, deceased, by his mother    )
16  and successor in interest, Lavenia )  FIRST AMENDED COMPLAINT
    Mazon, and LAVENIA MAZON,         )  FOR DAMAGES AND DEMAND
17  individually,                     )  FOR JURY TRIAL
                                       )
18            Plaintiffs,              )
                                       )
19      vs.                            )
                                       )
20  COUNTY OF RIVERSIDE,              )
    DANIEL MATLOFF,                    )
21  DSI-ITI, LLC,                      )
    and DOES 1-20, /0                  )
22                                     )
                                       )
             Defendants.               )
23  _____)

24      Plaintiffs allege:

25                    JURISDICTION

26      1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C.

27  § 1983, et seq., and the Fourth and Fourteenth Amendments to the United States

28  Constitution, for personal injuries, wrongful death and violation of constitutional

                              1                    FIRST AMENDED COMPLAINT

1   rights by defendant County of Riverside, Daniel Matloff, an employee of

2   defendant County of Riverside, and DSI-ITI, LLC, a corporation. Jurisdiction is

3   founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory

4   and Constitutional provisions. The unlawful acts and practices alleged herein

5   occurred in the County of Riverside, California, which is within this judicial

6   district.

7                          **PARTIES AND GENERAL ALLEGATIONS**

8        2. Plaintiff Lavenia Mazon is a resident of the County of Riverside, State of

9   California. Plaintiffs' decedent, Sonny Joseph Mazon, was a resident of the

10   County of Riverside, State of California at the time of his death on February 4,

11   2012.

12        3. Plaintiff Lavenia Mazon is the mother of Plaintiffs' decedent, Sonny

13   Joseph Mazon, and is his successor-in-interest. Plaintiff Lavenia Mazon brings

14   this action as an individual on her own behalf and on behalf of Plaintiff Estate of

15   Sonny Joseph Mazon, deceased, in her representative capacity as successor-in-

16   interest to decedent Sonny Joseph Mazon.

17        4. Decedent Sonny Joseph Mazon died intestate in the city of Palm Springs,

18   County of Riverside, State of California. No special administrator or personal

19   representative of the Estate of Sonny Joseph Mazon has been appointed by any

20   court.

21        5. The plaintiffs' decedent is Sonny Joseph Mazon, who, at the time of his

22   death on February 4, 2012, was a 24 year old resident of the County of Riverside,

23   California. Sonny Mazon was a United States Army veteran, having served in the

24   Afghanistan war with the 101st Airborne Division. At the time of his death, Sonny

25   Joseph Mazon was single and had no children.

26        6. At all times relevant hereto, defendants DOES 1-20 were employees of

27   the Riverside Sheriff's Department and the County of Riverside. DOES 1-20 are

28   sued individually and in their capacities as employees of the County of Riverside.

                FIRST AMENDED COMPLAINT

7. Defendant County of Riverside is, and at all times mentioned herein was, a public entity within the State of California and is the employer of defendant Matloff and DOES 1-20. Defendant Matloff and DOES 1-20 performed all of the herein alleged acts for, and in the name of defendant County of Riverside and under color of the laws of the County of Riverside and the State of California.

8. At all times mentioned herein, Defendant Daniel Matloff was an employee of defendant County of Riverside, working in the Larry Smith Detention Facility as a Clinical Therapist II. In doing the acts hereinafter described Mr. Matloff acted within the course and scope of his employment. Defendant Matloff is sued individually and in his capacity as an employee of Defendant County of Riverside.

9. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 30, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the unknown defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged.

10. Each of the acts of defendant Matloff and DOES 1 through 20 were done by them under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Said defendants were the servants, agents and employees of defendant County of Riverside, and in doing the acts hereinafter described, acted within the course and scope of their employment.

## FACTUAL ALLEGATIONS

11. Plaintiff's decedent, Sonny Joseph Mazon, was in the United States Army for four years and was honorably discharged in late 2010. He served 15 months in combat in Afghanistan with the 101st Airborne Division. During his service in Afghanistan Mr. Mazon suffered a traumatic brain injury from an

FIRST AMENDED COMPLAINT

1 | improvised explosive device ("IED"), as well as severe psychological injuries due
2 | to his experiences in combat.

3 |      12. After his discharge from the Army Mr. Mazon suffered significant
4 | psychological deficits and severe post traumatic stress disorder, for which he was
5 | treated at the Loma Linda Veterans Administration Hospital. He attempted
6 | suicide on multiple occasions.

7 |      13. On June 21, 2011, Mr. Mazon was arrested after a traffic accident
8 | where he left the scene. Mr. Mazon was located by police in his bathtub with a
9 | knife, threatening to slash his wrists. He was subdued, arrested and incarcerated at
10 | the Larry D. Smith Correctional Facility which is operated by defendant County of
11 | Riverside and its sheriff's department. While in custody Mr. Mazon was placed
12 | on suicide watch in a safety cell. He was eventually released from custody.

13 |      14. On January 25, 2012, Mr. Mazon was arrested for felony charges after a
14 | domestic altercation at his home in Riverside County. He was again booked into
15 | the Larry D. Smith Correctional Facility and placed on suicide watch in a safety
16 | cell after exhibiting clear indications that he was suicidal.

17 |      15. Plaintiffs are informed and believe that Mr. Mazon was released on
18 | January 27, 2012 and re-arrested that same day by San Jacinto/Riverside County
19 | sheriff's deputies and re-booked into the Larry D. Smith Correctional Facility.
20 | Plaintiffs are further informed and believe that during the booking process on
21 | January 28, 2012 Mr. Mazon attempted to stab himself with a pen. Force was
22 | required to subdue him. Clearly suicidal, Mr. Mazon was placed in a safety cell,
23 | on suicide watch.

24 |      16. Later on the morning of January 28, 2012, defendant Daniel Matloff
25 | spoke to the booking deputies and to Mr. Mazon. He determined that Mr. Mazon
26 | was suicidal and agreed that Mr. Mazon needed to remain in the safety cell. Later
27 | that morning, Mr. Mazon was evaluated by the jail psychiatrist, Dr. Patel. Dr.
28 | Patel determined that Mr. Mazon was suicidal and ordered that he remain in the

FIRST AMENDED COMPLAINT

1  safety cell.  He also ordered that two types of medication be administered to Mr.

2  Mazon.

3       17.  The following morning, January 29, 2012, defendant Matloff spoke to

4  Mr. Mazon again.  Mr. Matloff knew that Mr. Mazon had not received the

5  medication that had been ordered by Dr. Patel.  He also knew that Dr. Patel had

6  ordered that Mr. Mazon remain in the safety cell.  Without consulting Dr. Patel or

7  any other psychiatrist, without conducting a proper evaluation of Mr. Mazon and

8  without insuring that the prescribed medications be administered to Mr. Mazon,

9  defendant Matloff told the deputies that Mr. Mazon was "cleared" to be removed

10  from the safety cell and could be placed alone in a regular cell.

11       18.  Plaintiffs are informed and believe that, approximately one hour later,

12  Mr. Mazon was removed from the safety cell and placed alone in a regular holding

13  cell that contained a telephone.  The telephone had a cord that was 18 inches in

14  length, when it was supposed to have a cord that was no more than 12 inches in

15  length, specifically to prevent suicides by inmates.

16       19.  Approximately one hour after being removed from the safety cell and

17  placed in the regular holding cell, at 10:46 a.m. on January 29, 2012, Mr. Mazon

18  was discovered unresponsive in his cell with the telephone cord wrapped around

19  his neck in an apparent suicide attempt.  Paramedics were called and Mr. Mazon

20  was transported to Desert Regional Medical Center in Palm Springs where he was

21  in a coma for several days.  He never regained consciousness, and died on

22  February 4, 2012.

23       20.  Plaintiffs are informed and believe and allege that the 18 inch long

24  telephone cord used by Mr. Mazon to commit suicide was erroneously installed in

25  the holding cell by defendant  DSI-ITI, LLC, a company that had a contract with

26  the County of Riverside to install telephones in the Larry Smith Detention Facility.

27  Plaintiffs are further informed and believe that under the contract with the County,

28  DSI-ITI was to install telephones with cords no more than 12 inches long in all

FIRST AMENDED COMPLAINT

1  prisoner intake cells.  The contract specifically indicated that the purpose of such

2  cord length was to avoid inmate suicides in these prisoner intake cells.  However,

3  defendant DSI-ITI erroneously installed a cord 18 inches long in the prisoner

4  intake cell in which Mr. Mazon committed suicide.  Had the proper 12 inch cord

5  been installed in this cell, Mr. Mazon would have been unable to commit suicide.

6        21.  Between January 29, 2012 and February 1, 2012, Mr. Mazon's family

7  attempted to locate him by repeatedly calling the Riverside Sheriff's Department.

8  They were not told of his injuries and hospitalization.  They were told he could not

9  be visited.  Finally, on February 1, 2012, family members learned from the

10  Banning Police Department that Mr. Mazon had been injured and was hospitalized

11  at the Desert Regional Medical Center.   They immediately traveled to the hospital

12  to see him.  After first being denied access to Mr. Mazon, family members were

13  finally able to see him.  They found him in a coma, on life support.  Three days

14  later, on February 4, 2012, Mr. Mazon died from his injuries.

15        22.  Defendants County of Riverside and Daniel Matloff were deliberately

16  indifferent to Mr. Mazon's clear mental illness and medical needs, by failing to

17  properly monitor and treat him, by removing him from suicide watch, by removing

18  him from the  safety cell, and by placing him alone in a cell with an 18 inch

19  telephone cord that he used to commit suicide.  The removal of Mr. Mazon from

20  the safety was done in violation of the order of the jail psychiatrist, Dr. Patel,

21  without administering medication to Mr. Mazon as ordered by Dr. Patel, and

22  without a proper psychiatric evaluation. These acts were not only contrary to Dr.

23  Patel's orders, but were clear violations of all proper protocols for suicidal

24  inmates. These acts constituted deliberate indifference to Mr. Mazon's serious

25  medical needs and were the proximate cause of Mr. Mazon's death.

26

27

28

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations - Plaintiff

Estate of Sonny Joseph Mazon Against Defendant Matloff and DOES 1-20]

23. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24. Sonny Joseph Mazon had a right under the Fourteenth Amendment to the United States Constitution to be free from excessive punishment and deliberate indifference to his serious medical needs while in the Larry Smith Detention Facility. He was also entitled not to have his rights to due process of law and equal protection of the laws violated by defendant Matloff and other employees of the County of Riverside.

25. When Sonny Mazon was under Defendant Matloff's supervision and custody, Defendant Matloff acted with deliberate indifference to Sonny Mazon's serious medical needs and his known and recognized constitutional rights to due process, equal protection, bodily integrity and his right to be free from excessive punishment and deliberate indifference to his serious medical needs. Defendant Matloff knew that Mr. Mazon was severely mentally ill and suicidal. He also knew that the jail psychiatrist, Dr. Patel, had ordered that Mr. Mazon be housed in a safety cell and provided medications that he (Dr. Patel) prescribed. Despite this knowledge, Mr. Matloff failed to properly monitor, evaluate and treat Sonny Mazon. Without any type of treatment, Defendant Matloff directed that Sonny Mazon be removed from a safety cell and placed alone in a regular cell with a telephone cord that could easily be used to commit suicide. This was a clear violation of all proper protocols for suicidal inmates, constituted deliberate indifference to Mr. Mazon's serious medical needs and was the proximate cause of Mr. Mazon's suicide and death. Defendant Matloff actively participated in the deprivation of Sonny Mazon's constitutional rights by proximately causing his

FIRST AMENDED COMPLAINT

1 injuries and death.

2    26. Sonny Joseph Mazon also had a right under the Fourth Amendment to

3 be free from an unreasonable seizure and a right under the Fourteenth Amendment

4 not to be deprived of life, liberty or property without due process of law.  These

5 rights were violated when defendants DOES 1-5 failed to release Mr. Mazon from

6 custody after 48 hours without being arraigned and/or when said defendants

7 released and "re-arrested" Mr. Mazon in an attempt to bypass the prompt

8 arraignment requirements set forth in *County of Riverside v. McLaughlin,* 500 U.S.

9 44 (1991).  These acts caused Mr. Mazon to remain in custody wrongfully and

10 resulted in him being placed alone is a cell with a telephone cord, thereby

11 proximately causing his suicide and wrongful death.

12    27. As a result of Defendants' deprivation of Sonny Mazon's constitutional

13 rights as described above, plaintiff Estate of Sonny Joseph Mazon has incurred

14 damages, including physical injuries to and the eventual death of Plaintiffs'

15 decedent, Sonny Joseph Mazon.   Accordingly, Plaintiff Estate of Sonny Joseph

16 Mazon is entitled to general and compensatory damages in an amount to be proven

17 at trial.

18    28. The aforesaid acts of defendant Matloff was done recklessly and/or

19 with callous indifference to Sonny Joseph Mazon's health, safety and

20 constitutional rights, therefore entitling Plaintiffs' to punitive damages in an

21 amount to be proven at trial.

22 **SECOND CAUSE OF ACTION**

23 [42 U.S.C. § 1983 Constitutional Violations, Brought By Plaintiff

24 Lavenia Mazon, Individually, Against Defendants Matloff and DOES 1-20]

25    29. Plaintiffs reallege and incorporate by reference each and every

26 allegation contained in Paragraphs 1 through 28 above as though fully set forth

27 herein.

28    30. As a result of the acts alleged above, particularly the deliberate

FIRST AMENDED COMPLAINT

1  indifference to Sonny Joseph Mazon's medical needs, violation of Mr. Mazon's

2  right to due process of law and his right against unreasonable seizures, Defendant

3  Matloff and DOES 1-5 proximately caused severe injuries to, and the eventual

4  death by suicide of, Sonny Joseph Mazon.

5      31. Defendant DOES 1-5 unlawfully detained Mr. Mazon, failed to release

6  him after 48 hours and unlawfully "re-arrested" him, proximately causing his

7  suicide. Defendant Matloff and DOES 1-20 (Custody Staff and Medical Staff at

8  the Larry Smith Correctional Facility) knew that Sonny Mazon was severely

9  mentally ill and suicidal. Despite this knowledge, defendants Matloff and DOES

10  1-20 failed to properly monitor, evaluate and treat Sonny Mazon. Without any

11  type of treatment or medication, Defendant Matloff "cleared" Mr. Mazon to be

12  removed  from a safety cell and placed alone in a regular cell with a telephone

13  cord that could easily be used to commit suicide. This was a clear violation of all

14  proper protocols for suicidal inmates, constituted deliberate indifference to Mr.

15  Mazon's serious medical needs and was also a proximate cause of Mr. Mazon's

16  suicide and death. Defendants Matloff and DOES 1-20 actively participated in the

17  deprivation of Sonny Mazon's constitutional rights by acting and failing to act as

18  described above, thereby proximately causing his injuries and death.

19      32. As a result of Defendants' deprivation of Sonny Mazon's constitutional

20  rights as described above, Defendants Matloff and DOES 1-20  deprived Plaintiff

21  Lavenia Mazon of her constitutionally protected due process right to the love,

22  support, affection and companionship of her son, in violation of Plaintiff Lavenia

23  Mazon's constitutional rights as guaranteed by the Fourteenth Amendment to the

24  U.S. Constitution, particularly the due process clause of the Fourteenth

25  Amendment.

26      33. The acts of defendant Matloff and DOES 1-5 and each of them as

27  described above also amounted to recklessness which caused injury and ultimately

28  death to Sonny Joseph Mazon, thus causing a further violation of the Fourteenth

FIRST AMENDED COMPLAINT

1 Amendment rights of Plaintiff Lavenia Mazon.  Said acts proximately caused the

2 death of plaintiffs' decedent, entitling Plaintiff Lavenia Mazon to general and

3 compensatory damages pursuant to 42 U.S.C. section 1983 et seq. in an amount to

4 be proven at trial.

5      34.  The aforesaid acts of defendants Matloff and DOES 1-20 were done

6 recklessly and/or with callous indifference to Sonny Joseph Mazon's health, safety

7 and constitutional rights, therefore entitling Plaintiffs' to punitive damages in an

8 amount to be proven at trial.

9 **THIRD CAUSE OF ACTION**

10 [42 U.S.C. § 1983 Constitutional Violations –

11 Unlawful Policies, Customs or Habits]

12      35.  Plaintiffs reallege and incorporate by reference each and every

13 allegation contained in Paragraphs 1 through 34 above as though fully set forth

14 herein.

15      36.  On information and belief Plaintiffs allege that defendant County of

16 Riverside, through its sheriff's department, has unlawful policies, customs and

17 habits of improper and inadequate hiring, training, retention, discipline and

18 supervision of its deputies and civilian employees, including those that work in the

19 Larry D. Smith Correction Facility, proximately causing the constitutional

20 deprivations, injuries and damages alleged in the First and Second Causes of

21 Action.  As a result, Plaintiffs are entitled to damages pursuant to Title 42 U.S.C. §

22 1983, in an amount to be proven at trial.

23      37.  Further, on information and belief Plaintiffs allege that defendant

24 County of Riverside, through its sheriff's department, has an unlawful policy,

25 custom or habit of permitting, condoning or ratifying the deliberate indifference of

26 its employees to the serious medical and psychological needs of inmates in its

27 correctional facilities, including inmates who are clearly suicidal.

28      38.  Further, on information and belief Plaintiffs allege that the County of

10                     FIRST AMENDED COMPLAINT

1   Riverside, through its sheriff's department, has a custom, policy or practice of

2   failing to promptly arraign arrestees as required by *County of Riverside v.*

3   *McLaughlin,* 500 U.S. 44 (1991), failing to release detainees when they have not

4   been promptly arraigned and bypassing these constitutional requirements by

5   "releasing" and "re-arresting" detainees, including Sonny Joseph Mazon.

6        39.  Defendant County of Riverside, through its sheriff's department, had a

7   special relationship with Sonny Mazon, by virtue of the fact that Defendant

8   County had custody and control over Sonny Mazon.  Due to his arrest,

9   incarceration and severe mental illness, Sonny Mazon could not care for his own

10   medical and psychological needs while under arrest and while thereafter

11   incarcerated.  Defendant County and its sheriff's department knew this, and further

12   knew that each had a duty to exercise reasonable care in the selection, training,

13   assignment, supervision and retention of its professional staff, including DOES 1-

14   20.

15        40.  By the failures set forth above, Defendant County acted with deliberate

16   indifference to a known risk of constitutional deprivation to Sonny Mazon.

17        41.  As a result of Defendant County's deliberate indifference to the risk of

18   deprivation of Sonny Mazon's constitutional rights, plaintiffs Estate of Sonny

19   Joseph Mazon and Lavenia Mazon incurred damages as set forth herein, including

20   the death of Sonny Joseph Mazon.

21        42.  At all times relevant to this Complaint, Defendant County of Riverside,

22   through its sheriff's department, had a custom, policy or practice of failing to train

23   its employees to be observant of and act upon signs and indications of suicidal

24   tendencies in detainees.  Defendant County failed to implement training materials

25   and programs related to recognizing and understanding patterns of mental illness

26   and suicide, including those exhibited by military combat veterans.  In particular,

27   Defendant County and its sheriff's department failed to train its employees to

28   recognize and appropriately respond to the dangers and warning signs of suicide,

FIRST AMENDED COMPLAINT

1   including those exhibited by military combat veterans. Further, Defendant

2   County, its sheriff's department and its jail mental health/medical services

3   division, had a custom, policy and practice of allowing employees to override the

4   orders of the jail psychiatrist regarding placement of suicidal inmates, including

5   allowing them to be moved from safety cells without insuring that prescribed

6   medication be administered to suicidal inmates.

7        43. By failing to train its employees to recognize warning signs and dangers

8   of mental illness and suicide in its detainees, and allowing employees to override

9   and/or ignore orders of the jail psychiatrist, Defendant County, its sheriff's

10   department and its jail mental health/medical services division acted with

11   deliberate indifference to a known risk of constitutional deprivation to Sonny

12   Joseph Mazon.

13        44. As a result of Defendant County's deliberate indifference to the risk of

14   deprivation of Sonny Mazon's constitutional liberty interests set forth herein,

15   Plaintiffs have incurred damages as set forth herein.

16        45. As a proximate result of the unlawful policies, customs and habits

17   alleged above, Plaintiffs suffered the constitutional violations alleged in the First

18   and Second Causes of Action and the injuries and damages alleged in the First and

19   Second Causes of Action and thus Plaintiffs are entitled to general and

20   compensatory damages in an amount to be proven at trial.

21                     **FOURTH CAUSE OF ACTION**

22     [Negligence/Wrongful Death, Under California Law, Brought by Plaintiff

23       Lavenia Mazon Individually, and As Successor in Interest to the Estate

24           of Sonny Mazon, Against Defendant DSI-ITI, LLC Only ]

25        46. Plaintiffs reallege and incorporate by reference the allegations

26   contained in paragraphs 1 through 45 above as though fully set forth herein.

27        47. By the acts alleged above, Defendant DSI-ITI was negligent and

28   breached its duty of due care owed to Plaintiffs and their decedent, Sonny Mazon,

        FIRST AMENDED COMPLAINT

1 | thereby causing the injuries and damages described in the Factual Allegations and
2 | First Cause of Action above, including the suicide of, injuries to, and wrongful
3 | death of Sonny Joseph Mazon, as described in the Factual Allegations and the
4 | First Cause of Action above.

5 |     48. Further, Defendant DSI-ITI was negligent in the hiring, training,
6 | retention and supervision of its employees and/or contractors, including those who
7 | installed telephones at the Larry Smith Detention Facility in Banning, California,
8 | thereby causing the injuries to, and wrongful death of, Sonny Joseph Mazon as
9 | described in the Factual Allegations and First Cause of Action above.

10 |     49. As a result of the negligence described above, Plaintiff Lavenia Mazon
11 | is entitled to damages under California law for the wrongful death of her son,
12 | including, but not limited to, loss of love, companionship, comfort, affection,
13 | society, moral support, financial support, services, advice, training and funeral
14 | expenses, for which defendant DSI-ITI is responsible.  Plaintiffs are therefore
15 | entitled to said general and compensatory damages in an amount to be proven at
16 | trial.

17 |     50. By the acts alleged herein, including the negligence of defendant DSI-
18 | ITI as described in this cause of action and the Factual Allegations and First Cause
19 | of Action above, defendant DSI-ITI legally caused injury to, and the death of,
20 | plaintiffs' decedent Sonny Joseph Mazon, causing the Estate of Sonny Joseph
21 | Mazon to incur funeral expenses, medical bills and property loss and damage,
22 | entitling the Estate of Sonny Joseph Mazon to damages in an amount to be proven
23 | at trial, pursuant to California Code of Civil Procedure § 377.30.

**PRAYER FOR RELIEF**

25 |     WHEREFORE, Plaintiffs pray for judgment against defendants and each of
26 | them as follows:

27 |     1. For general and compensatory damages against defendants and each of
28 | them in an amount to be proven at trial;

FIRST AMENDED COMPLAINT

1   2. For exemplary and punitive damages against defendant Matloff only, in

2   an amount to be proven at trial;

3   3. For costs of suit herein, including reasonable attorneys fees; and,

4   4. For such other relief as the Court deems proper.

5   Dated: August 15, 2013

6                                                /s/
                                                MICHAEL R. MARRINAN
7                                               Attorney for Plaintiffs
                                                E-mail: mrmarrinan@aol.com
8

9

10  Plaintiffs hereby demand a jury trial in this action.

11  Dated: August 15, 2013

12                                               /s/
                                                MICHAEL R. MARRINAN
13                                              Attorney for Plaintiffs
                                                E-mail: mrmarrinan@aol.com
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14                              FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA        )
                          )
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this within action; my business address is One World Trade Center, Suite 2320, Long Beach, CA 90831.

      On August 15, 2013, I served the following document described as:

**1. FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

[x]    BY MAIL: Served by depositing a copy thereof, enclosed in a sealed envelope with postage fully prepaid in a United States mail box in Long Beach, California and that the person who whom said service was made has his/her office at a place where there is a delivery service by United States mail, and that there is regular communication by mail between the place so addressed:

Bruce E. Disenhouse
Kinkle, Rodiger and Spriggs
3333 Fourteenth Street
Riverside, CA 92501
Tel: 951-683-2410
Fax: 951-683-7759

[x]    (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on August 15, 2013, at Long Beach, California.

_Megan Tankersley_ (signature)
Megan Tankersley
