1  **GREENBERG TRAURIG, LLP**
2  Robert J. Herrington (SBN 234417) (HerringtonR@gtlaw.com)
   Jordan D. Grotzinger (SBN 190166) (GrotzingerJ@gtlaw.com)
3  Matthew R. Gershman (SBN 253031) (GershmanM@gtlaw.com)
4  1840 Century Park East, Suite 1900
   Los Angeles, CA 90067
5  Telephone:  (310) 586-7700
6  Facsimile:  (310) 586-7800
   *Attorneys for Defendant and Third-Party Defendant DSI-ITI, LLC*
7
8  (Additional counsel on next page)

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| ESTATE OF SONNY JOSEPH MAZON, deceased, by this mother and successor in interest, Lavenia Mazon, and LAVENIA MAZON, individually,<br><br>                Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, DANIEL MATLOFF, DSI-ITI,LLC, and DOES 1-10,<br>                Defendants. | Case No. 5:12-cv-02240-DMG-SPx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Hon:        Sheri Pym<br>Courtroom:  3/4<br>Date filed:  Dec. 19, 2012<br>Trial date:   None set |
| COUNTY OF RIVERSIDE,<br><br>                Third-Party Plaintiff,<br><br>v.<br><br>DSI-ITI,LLC; and ROES 1-20, inclusive,<br>                Third-Party Defendants. | |

28

---

                    **STIPULATED PROTECTIVE ORDER**

1  **LAW FIRM OF JOSEPH H. LOW, IV**
   Joseph H. Low, IV
2  One World Trade Center Suite 2320
   Long Beach, CA 90831
3  Telephone:  562-901-0840
   Facsimile: 562-901-0841
4  Email: jhlowiv@aol.com
5

6  **LAW OFFICES OF MICHAEL R. MARRINAN**
   Michael R. Marrinan
7  225 Broadway Suite 1460
   San Diego, CA 92101
8  Telephone:  619-238-6900
   Facsimile: 619-238-1097
9  Email: mrmarrinan@aol.com
   *Attorneys for Plaintiffs*
10
11

12  **DISENHOUSE AND IVICEVIC**
    Bruce E. Disenhouse (SBN 078760)
13  3890 Eleventh Street, Suite 215
    Riverside, CA 92501
14  Telephone:  951-777-2439
    Facsimile: 951-777-2866
15  Email: bd@di-law.com
    *Attorneys for Defendant and Third-Party Plaintiff County of Riverside*
16

17  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
    Arthur K. Cunningham (SBN 97506)
18  650 East Hospitality Lane, Suite 600
    San Bernardino, CA 92408
19  Telephone:  909-387-1130
    Facsimile: 909-387-1138
20  Email: Arthur.Cunningham@lewisbrisbois.com
    *Attorneys for Defendant Daniel Matloff*
21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 11 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   Party:  any party to this action, including all of its officers, employees, agents, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items:  is limited to information (i) that would, if publicly disclosed, compromise safety and/or security at any Riverside County correctional facility, or (ii) that concerns or relates to confidential personal information, or confidential financial or commercial information, including trade secret or proprietary information, the disclosure of which may cause significant harm to the producing party.

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: is limited to extremely sensitive "Confidential Information or Items," for which the

**STIPULATED PROTECTIVE ORDER**

disclosure of same to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party:  a Party or non party that produces Disclosure or Discovery Material in this action.

2.7.    Designating Party:  a Party or non party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly-Confidential Attorneys' Eyes Only."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9.    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    In-House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non party must promptly notify all other parties that it is withdrawing the mistaken designation.

**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY").

(b)    <u>for testimony given in deposition</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days after receipt of the official transcript of the testimony to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL" or

4

**STIPULATED PROTECTIVE ORDER**

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2/6.3 <u>Meet and Confer/Judicial Intervention</u>. Any challenge to a confidentiality designation shall be made in accordance with Local Rules 37-1, et seq.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to

**STIPULATED PROTECTIVE ORDER**

1  afford the material in question the level of protection to which it is entitled under the

2  Producing Party's designation.

3  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

4       7.1    Basic Principles.  A Receiving Party may use Protected Material that

5  is disclosed or produced by another Party or by a non party in connection with this case

6  only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

7  Material may be disclosed only to the categories of persons and under the conditions

8  described in this Order.  When the litigation has been terminated, a Receiving Party must

9  comply with the provisions of section 12, below (FINAL DISPOSITION).

10       Protected Material must be stored and maintained by a Receiving Party at a

11  location and in a secure manner that ensures that access is limited to the persons

12  authorized under this Order.

13       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

14  otherwise ordered by the court or permitted in writing by the Designating Party, a

15  Receiving Party may disclose any information or item designate CONFIDENTIAL only

16  to:

17       (a)    the Receiving Party's Outside Counsel of record in this action, as well

18  as employees of said Counsel to whom it is reasonably necessary to disclose the

19  information for this litigation;

20       (b)    the officers, directors, and employees (including In-House Counsel)

21  of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

22       (c)    experts (as defined in this Order) of the Receiving Party to whom

23  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

24  to Be Bound by Protective Order" (Exhibit A);

25       (d)    the Court and its personnel;

26       (e)    court reporters, their staffs, and professional vendors to whom

27  disclosure is reasonably necessary for this litigation and who have signed the "Agreement

28  to Be Bound by Protective Order" (Exhibit A);

**STIPULATED PROTECTIVE ORDER**

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)     the author of the document, the original source of the information, or a person to whom the document or information was provided previously outside this litigation; and

(h)     a mediator or any other neutral engaged by agreement of the parties in furtherance of resolving this matter and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party's In-House Counsel directly involved in supervision of the instant litigation to whom disclosure is reasonably necessary;

(c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

7

**STIPULATED PROTECTIVE ORDER**

(f)     the author of the document or a recipient of the document as shown on the face of the document;

(g)     a mediator or any other neutral engaged by agreement of the parties in furtherance of resolving this matter and who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

## 8.     PROCEDURE FOR INSPECTION OF THE LARRY D. SMITH CORRECTIONAL FACILITY; TREATMENT OF CAPTURED IMAGES AS "CONFIDENTIAL"

Defendant and Third-Party Defendant DSI-ITI, LLC ("DSI"), pursuant to Federal Rule of Civil Procedure 34, has requested entry upon the Larry D. Smith Correctional Facility, operated by Defendant and Third-Party Plaintiff Riverside County, to examine, video record, and photograph the site where the alleged incident which is the subject of this lawsuit took place.  The parties agree that DSI may proceed with its site inspection, subject to the limitations prescribed in the Court's March 26, 2014 Minute Order Granting DSI's Motion to Compel County to Permit Site Inspection (dkt. 64), which in relevant part provide:

(1)     DSI shall be permitted to conduct its own inspection of the relevant holding cell and intake area at the Larry D. Smith Correctional Facility, under the terms already agreed to by the parties during their meet and confer discussions [as reflected in page 2 of the Court's March 26, 2014 Minute Order], and the additional terms that follow;

(2)      During the inspection, DSI personnel shall be chaperoned and supervised by County officials or jail staff at all times;

(3)     During the inspection, DSI shall have the option of either having jail staff record photographic and video images at DSI's direction, or of using its own equipment and personnel to record its own images; if DSI chooses to use its own equipment and personnel to record its own images:

8
**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2

a. DSI must advise and obtain permission from jail staff before it records photographic or video images of any particular area; and

b. At the conclusion of the inspection, jail staff shall be permitted to examine any digital images recorded during the inspection before DSI personnel leave the facility to ensure that none of the images appears likely to compromise jail security;

\* \* \* \*

Except as otherwise provided by this Stipulated Protective Order, the parties agree that any photographic or video images captured during DSI's inspection of the Larry D. Smith Correctional Facility shall, to the extent disclosed to others, be designated by DSI as "CONFIDENTIAL," and so treated by any Receiving Party.  The parties further agree that, in the event jail staff does not give permission to record photographic or video images of any particular area requested by DSI, then the parties shall (i) meet and confer at that immediate time, to resolve the issue, if possible, by agreeing to a different photographic or video recording procedure and/or subject, and (ii) if unable to reach resolution during the site inspection, then the issue may be submitted to the court for resolution pursuant to Local Rules and the Rules of Civil Procedure.  The parties further agree that, in the event that jail staff determines before DSI leaves the facility that any of the digital images recorded during inspection appear likely to compromise jail security, then the parties shall (i) meet and confer at that immediate time, to resolve the issue, if possible, by agreeing to a different photographic or video recording procedure and/or subject, and (ii) if unable to reach resolution during the site inspection, then the issue may be submitted to the court for resolution pursuant to Local Rules and the Rules of Civil Procedure, and, unless and until the court resolves the dispute, or unless the parties otherwise agree, the digital images subject to that dispute, shall be treated as confidential and maintained securely by Outside Counsel (and its

**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2

employees and agents) for DSI, and shall not be distributed to anyone else unless and until the issue is submitted to and resolved by the court or the parties otherwise agree.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order or other lawful court process issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    INADVERTENT PRODUCTION OR UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:  (a) notify in

writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

The parties further agree that, if information is inadvertently produced in discovery that is subject to a claim of privilege or attorney work-product, the party making the claim may notify any Receiving Party of the claim and the basis for it. After being notified, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if it disclosed it to others before being notified; and may promptly present the issue to the Court under seal for a determination of the claim. The Producing Party shall preserve the information until the claim is resolved.

## 11.    FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 12.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

**STIPULATED PROTECTIVE ORDER**

(and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

Dated:  May 14, 2014                    GREENBERG TRAURIG, LLP


                                        By:  */s/ Matthew R. Gershman*
                                        *Attorneys for Defendant and Third-Party*
                                        *Defendant DSI, ITI-LLC*

Dated:  May 14, 2014                    LAW OFFICES OF MICHAEL R. MARRINAN


                                        By:  */s/ Michael R. Marrinan*
                                        *Attorneys for Plaintiffs*

**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2

1

2   Dated:  May 14, 2014                    DISENHOUSE AND IVICEVIC

3

4                                          By: */s/ Bruce  E. Disenhouse*
                                           *Attorneys for Defendant and Third-Party*
5                                          *Plaintiff Riverside County*

6

7   Dated:  May 14, 2014                    LEWIS BRISBOIS BISGAARD & SMITH LLP

8

9                                          By: */s/ Arthur K. Cunningham*
                                           *Attorneys for Defendant Daniel Matloff*
10

11       *Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Michael R.*
12  *Marrinan, Bruce E. Disenhouse, and Arthur K. Cunningham, on whose behalf this filing*
    *is jointly submitted, have concurred in this filing's content and have authorized me to file*
13  *this document.*

14                                         By:   */s/  Matthew R. Gershman*

15

16

17  **IT IS SO ORDERED.**

18

19  This 15th day of May, 2014.

20                                         _____/s/_____

21                                         Hon. Sheri Pym
                                           Magistrate Judge, United States District
22                                         Court

23

24

25

26

27

28

                                         13
                         **STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of **ESTATE OF SONNY MAZON ET AL. V. COUNTY OF RIVERSIDE ET AL., USDC CENTRAL DISTRICT OF CALIFORNIA CASE NO. CV 12-02240 DMG (SPx)**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

**STIPULATED PROTECTIVE ORDER**

TCO 360741030v2